

# The Attorney General of Texas

November 6, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans
Chairman, Committee on
  Government Organization
House of Representatives
Austin, Texas 78711

Opinion No. MW-265

Re: Validity of taxing entities granting permissive freezes on ad valorem taxes for persons over the age of 65

Dear Representative Evans:

In 1979, the Texas Legislature enacted the Property Tax Code. Acts 1979, 66th Leg., ch. 841, as amended by Acts 1979, 66th Leg., ch. 302, art. 11, §1 at 697. Section 11.26 of the code freezes the amount of ad valorem taxes which a school district can impose on residence homesteads of individuals over the age of 65 at the amount imposed the first year the homestead qualified for the exemption afforded by section 11.13(c). You ask whether taxing entities other than school districts may determine to freeze ad valorem taxes of persons over the age of 65.

In City of Beaumont v. Fertitta, 415 S.W. 2d 902 (Tex. 1967), the Texas Supreme Court observed that "the Legislature does not need any constitutional authority to exempt property from taxation that is not required by the Constitution to be taxed." 415 S.W. 2d at 910. Conversely, the legislature does need constitutional authority to exempt property from taxation if the constitution does require such property to be taxed. See also Dickison v. Woodmen of the World Life Insurance Society, 280 S.W. 2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). Article VIII, section 1 of the Constitution of Texas provides that all real and tangible personal property "shall be taxed in proportion to its value." (Emphasis added).

Article VIII, section 1 further provides that "the Legislature. . . may exempt all or part of the personal property homestead of a family or single adult." Sections 1-b(a) and 1-b(b) of article VIII exempt portions of the assessed taxable value of residence homesteads from ad valorem taxation. Section 1-b(c) provides that $5,000 of the market value of the residence homestead of an adult is exempt from ad valorem taxation for "general elementary and secondary public school purposes" and that the legislature may exempt up to $10,000 of the market value of the residence homestead of persons 65 years of age or older from ad valorem taxation for such purposes. Finally, section 1-b(d) provides that:

> Except as otherwise provided by this subsection, if a person receives the residence homestead exemption prescribed by Subsection (c) of this section for

> homesteads of persons sixty-five (65) years of age or older, the total amount of ad valorem taxes imposed on that homestead <u>for general elementary and secondary public school purposes</u> may not be increased while it remains the residence homestead of that person or that person's spouse who receives the exemption. However, those taxes may be increased to the extent the value of the homestead is increased by improvements other than repairs or improvements made to comply with governmental requirements. (Emphasis added).

The tax freeze which was first embodied in House Bill 1060, Acts 1979, 66th Legislature, chapter 302, article 7, section 7, at 691, and which now finds expression in section 11.26 of the Property Tax Code, is specifically authorized by article VIII, section 1-b(d) of the constitution.

We can find no constitutional authority that would permit taxing entities other than school districts to freeze the amount of ad valorem taxes imposed on residence homesteads of individuals over the age of 65. The constitutional provisions previously cited provide for across-the-board exemptions of portions of the assessed taxable value of residence homesteads from ad valorem taxes thereafter levied by the taxing entity. However, exempting a portion of the assessed taxable value of a homestead from taxes that may thereafter be levied is quite different from freezing those taxes at a certain figure for certain individuals. The underlined portion of article VIII, section 1-b(d), cited above, clearly indicates that constitutional authority exists only for freezes upon ad valorem taxes imposed for public school purposes, i.e., those collected by school districts. Because this is the only constitutional provision that permits freezes upon the taxes levied by a taxing entity, we conclude that taxing entities other than school districts are without constitutional authority to grant such freezes. If such tax freezes were permitted on selected classes of property without constitutional authority, an equal and uniform problem would arise. See Tex. Const. art. VIII, §2.

We note, however, that article 7329a, V.T.C.S., prohibits cities and school districts from filing suit to collect delinquent ad valorem taxes on the residence homestead of persons sixty-five years or older. See Attorney General Opinion H-364 (1974). The uncollected taxes, penalties, and interest remain a first priority lien upon the land until paid.

### SUMMARY

Taxing entities other than school districts have no authority under the Constitution of Texas to freeze the amount of ad valorem taxes imposed upon the residence homesteads of persons 65 or older.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Rick Gilpin